UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVE SHAYA,

    Plaintiff,

Case No. 14-cv-11112
Hon. Matthew F. Leitman

v.

DAVID BELCASTRO, et al.,

    Defendants.

_____/

### ORDER DENYING MOTION TO REMAND

On February 13, 2014, Plaintiff Steve Shaya filed a 7-count Complaint against the Defendants – the City of Hamtramck and several of its current or former officials and/or employees – in the Wayne County Circuit Court. The Complaint asserted several state-law claims and one federal claim under 42 U.S.C. §1983. Defendants timely removed the action to this Court pursuant to 28 U.S.C. §§1441 and 1446 on the ground that this Court would have had original federal question jurisdiction over the action. Plaintiff has since filed an Amended Complaint and a Second Amended Complaint. (*See* ECF #9 & #24.) The Second Amended Complaint asserts four federal claims under 42 U.S.C. §1983 and 12

state-law claims.  Plaintiff now moves to remand the state-law claims to the Wayne County Circuit Court.  The motion is **DENIED**[1].

It is undisputed that this Court has original jurisdiction over this action.  The only question is whether it should retain supplemental jurisdiction over the state law claims.  The governing statute, 28 U.S.C. §1367(a) provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  This statute gives district courts a "broad grant of supplemental jurisdiction over other [related] claims." *Exact Software N. Am. Inc. v. DeMoisey*, 718 F.3d 535, 541 (6th Cir. 2013)*, quoting Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558-559 (2005).  Another statute, 28 U.S.C. §1367(c), allows district courts to decline to exercise supplemental jurisdiction over a state-law claim if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claims or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or

---

[1] While the Court, at this time, declines to remand Plaintiff's state-law claims, should Plaintiff's federal claims against Defendants be resolved before trial, through motion practice or otherwise, the Court may, at that time, revisit whether it would be appropriate to remand any then-remaining state-law claims.

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

A district court's decision whether to exercise supplemental jurisdiction is "discretionary [in] nature." *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997). In exercising this discretion, a district court should consider "values of judicial economy, convenience, fairness, and comity." *Id*, *quoting Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988). In this action, these factors weigh in favor of retaining jurisdiction over the state-law claims at this time.

Most importantly, there appears to be substantial overlap in the factual predicates of the federal and state claims. For instance, the federal claims arise out of alleged discrimination (based on Plaintiff's status as a Chaldean American) and on alleged retaliation for Plaintiff's exercise of his First Amendment right (*see, e.g.,* Sec. Am. Compl., ECF #24, at ¶¶141-142; 168-172), and many of the state claims arise out of these same allegations. (*See e.g., id*. at ¶¶77-84; 124-135.) It would be inefficient, unfair, and would undermine judicial economy to litigate such closely-related claims in two different courts at the same time. Likewise, it would be inconvenient for the parties to engage simultaneously in parallel, largely-duplicative litigation. And there is no unfairness to Plaintiff in litigating all of his claims before this Court.

Plaintiffs cites two cases, *Stuart v. Village of New Haven*, 2009 WL 4065039 (E.D. Mich. Nov. 24, 2009) and *Miller-Webb v. Genessee County*, 2013 WL 5500071 (E.D. Mich. Oct. 3, 2013), in support of his request to remand. Those cases, however, are distinguishable. In *Stuart*, the court found it "significant" that the case had been pending in state court for several months before it was removed, *Stuart*, 2009 WL 4065039 at *3; there is no similar state-court history in this action. In *Miller-Webb*, the court stressed that Plaintiff's claims involved "novel issues of state employment law," *Miller-Webb*, 2013 WL 5500071 at *2; Plaintiff here does not suggest that any of his claims present novel or difficult state law questions. Indeed, aside from citing the governing legal standard and the *Stuart* and *Miller-Webb* cases, Plaintiff makes no effort to show why a remand would, in fact, serve the interests of judicial economy, fairness, convenience and comity.

For these reasons, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion to Remand is **DENIED**.

                                s/Matthew F. Leitman
                                MATTHEW F. LEITMAN
                                UNITED STATES DISTRICT JUDGE

Dated: June 3, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 3, 2014, by electronic means and/or ordinary mail.

                                s/Holly A. Monda
                                Case Manager
                                (313) 234-5113