UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVE SHAYA,

    Plaintiff,                                Case No. 14-cv-11112
                                            Hon. Matthew F. Leitman

v.

DAVID BELCASTRO, *et al.*,

    Defendants.

_____/

**ORDER TO APPEAR AND CONCERNING HEARING REQUIREMENTS**

On June 10, 2016, the assigned Magistrate Judge in this action issued a Report and Recommendation recommending that the Court grant summary judgment in favor of all Defendants (the "R&R"). (*See* ECF #149.) Plaintiff filed timely objections to the R&R (the "Objections").[1] (*See* ECF ## 151, 156.) The Court has reviewed the R&R and the Objections and has outstanding questions regarding Plaintiff's objections to the R&R numbered 1, 2, 5, and 9.

Accordingly, **IT IS HEREBY ORDERED** that the parties shall appear for a hearing concerning the Objections at the United States District Court, Theodore Levin U.S. Courthouse, 231 West Lafayette Boulevard, Detroit, Michigan, 48226,

---

[1] Plaintiff originally filed objections to the R&R on June 24, 2016. (*See* ECF #151.) Plaintiff then filed an amended set of objections to the R&R in which he corrected errors with the original set of objections he filed with the Court. (*See* ECF #156.) The Court treats Plaintiff's amended objections as the operative objections in this Order.

1

Room 242, at **10:00 a.m. on Wednesday, August 17, 2016.** The hearing shall be limited to objections 1, 2, 5, and 9. With respect to those objections, **IT IS FURTHER ORDERED** that the parties shall be prepared to:

1. **Objection No. 1:** Identify <u>evidence</u> in the record that bears on whether any alleged transfer of code enforcement duties away from Plaintiff amounted to an adverse employment action.

2. **Objection No. 2:** Identify <u>evidence</u> in the record that the alleged harassment of Plaintiff by Nathan Izydorek was based on a characteristic that is protected under the Elliott Larsen Civil Rights Act, M.C.L. § 37.2101 *et seq.*

3. **Objection No. 5:** Identify <u>evidence</u> in the record from which a jury could find Defendants Adam Tardif or Andy Mileski knowingly made false statements or swore to false information in Plaintiff's misdemeanor appearance ticket or their respective police reports.

4. **Objection No. 9:** Discuss whether Plaintiff's alleged statement to Defendant Maxwell Garbarino – namely, "I had imparted during my communication with . . . Garbarino that I believed that the inaction of Tardif was retaliatory due to my prior complaint about his conduct in having outside employment and his conduct in incident involving the broken tail light" – is sufficient to show that Defendant Garbarino (1) had knowledge that Plaintiff engaged in conduct protected by the First Amendment, and (2) acted (or failed to act) in

retaliation against Plaintiff based on that knowledge.  Additionally the parties shall be prepared to identify any other <u>evidence</u> in the record regarding Plaintiff's First Amendment retaliation claim against Defendant Garbarino.

**IT IS SO ORDERED.**

                                          s/Matthew F. Leitman
                                          MATTHEW F. LEITMAN
                                          UNITED STATES DISTRICT JUDGE

Dated:  August 3, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 3, 2016, by electronic means and/or ordinary mail.

                                          s/Holly A. Monda
                                          Case Manager
                                          (313) 234-5113